UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
BERKLEY CUSTOM INSURANCE  :
MANAGERS,  :
 :
                *Plaintiff*,  :
 :
                -against-  :      1:18-cv-9297 (PAC)
 :
YORK RISK SERVICES GROUP, INC.  :      **OPINION & ORDER**
 :
                *Defendant.*  :
------------------------------------------------------------- x

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff Berkley Custom Insurance Managers ("Plaintiff," "Berkley") complains that Defendant York Risk Services Group, Inc. ("Defendant," "York") was negligent and breached its contract. Defendant now moves to stay the action pending the resolution of three underlying New York State cases, arguing that it will be impracticable to determine damages in the case before this Court until after the state cases have come to an end. The Defendant's motion for a stay is DENIED.

## BACKGROUND

The Plaintiff is an insurance company, and the Defendant is a third-party claims administrator with which Berkley entered a Master Claims Administration Agreement (the "Agreement"). Dkt. 19, at 2–3. Berkley alleges that, under the Agreement, York was to administer certain claims arising under insurance policies issued by Berkley and its statutory companies, and to "defend, indemnify, and hold [Berkley] harmless against" liability incurred as a result of any negligence on York's part in carrying out its duties under the Agreement. *Id.*

One of Berkley's statutory companies, Admiral, issued an insurance policy to AAA Windows & Doors Corporation, a Paterson, New Jersey-based contractor which, during the time

the policy was in effect, itself contracted with the New York City Housing Authority ("NYCHA"). Dkt. 1, at 4; Dkt. 20, at 1–2. During the course of these contracts, in the summer of 2015, three of the general contractor's construction workers were allegedly injured on the NYCHA projects, resulting in the three underlying state cases[1] relevant to this motion to stay. Dkt. 1, at 5; Dkt. 20, at 1–2.

## DISCUSSION

### I. Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (Cardozo, J.). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254–55; *see also Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012).

"The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). "The decision whether to stay an action calls on a district court's 'studied judgment,' requiring the court to examine 'the particular facts before it' and determine 'the extent to which . . . a stay would work a hardship, inequity, or injustice to a party, the public or the court.'" *Range v. 480–486 Broadway, LLC*, 810 F.3d 108, 113 (2d Cir. 2015) (quoting *Louis Vuitton*, 676 F.3d at 99).

---

[1] The three underlying state cases are *Rizvani v. N.Y.C. Hous. Auth.*, Index No. 0503171/2016 (Sup. Ct., Kings Co.) (plaintiff allegedly injured after falling off a ladder at a NYCHA project in Brooklyn); *Restrepo v. City of New York, N.Y.C. Hous. Auth.*, Index No. 24726/2016E (Sup. Ct., Bronx Co.) (plaintiff allegedly injured when struck in the head by a brick at a NYCHA project in the Bronx); and *Singh v. N.Y.C. Hous. Auth.*, Index No. 0301319/2016 (Sup. Ct., Bronx Co.) (plaintiff allegedly injured after falling from a scaffold at a NYCHA project in the Bronx). *See* Dkt. 1, at 5–6; Dkt. 19, at 1.

Courts in the Southern District of New York regularly weigh five factors when considering whether to grant a motion to stay:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Catskill Mountains Chapter of Trout Unlimited, Inc. v. E.P.A.*, 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009) (quoting *Finn v. Barney*, No. 08 Civ. 2975 (LTS) (KNF), 2008 WL 5215699, at *2 (S.D.N.Y. Dec. 8, 2008)); *see also LaSala v. Needham & Co.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005). The factors are to be balanced "with the central focus of avoiding prejudice." *Consol. Edison Co. of N.Y. v. United States*, 30 F. Supp. 2d 385, 389 (S.D.N.Y. 1998).

## II. Application

The Court cannot conclude "that the parallel litigation will be an adequate vehicle for the complete resolution of the issues between the parties." *Consol. Edison of N.Y.*, 30 F. Supp. 2d at 389. The Defendant's main argument for a stay is that a trier of fact could not determine damages if this case were to go to trial ahead of the resolution of the three underlying cases. Dkt. 19, at 8. Apart from this difficulty, the Defendant argues that the Parties cannot engage in meaningful settlement discussions until after the underlying cases have concluded.

The stay must be denied. Granting it would work prejudice to the Plaintiff, who alleges that York's negligence and breach of contract resulted in Berkley having to defend NYCHA in the underlying cases, accruing costs to do so. Dkt. 20, at 3. As the Plaintiff correctly argues, York's liability as to these allegations is not so bound to the resolution of the underlying cases as to preclude adjudication. *Id.* at 3–4. Whether York breached its Agreement with Berkley is a

3

separate question, and further delaying an answer to that question by granting a stay would certainly prejudice the Plaintiff.

Furthermore, York will not be prejudiced by the denial of a stay. Whether York is liable for breach of its Agreement with Berkley, as Plaintiff alleges, is entirely separate from the alleged injuries sustained by the three construction workers. Whatever the outcome of those cases, Berkley has already sustained costs defending NYCHA that it alleges it would not have occurred had York acted otherwise. As such, there is no reason to think that denial of the stay would waste the Court's resources and time or cause prejudice to the Defendant. In short, the underlying cases cannot possibly be an "adequate vehicle for the complete resolution of the issues between the parties," *Consol. Edison of N.Y.*, 30 F. Supp. 2d at 389, because those cases concern entirely different issues.

As to the other factors, a speedy resolution of this dispute is in the interests of persons not parties to this litigation and the public interest.

## CONCLUSION

The Defendant's motion to stay the proceedings pending the resolution of the underlying state cases is DENIED. The Clerk of Court is directed to close the motion at Docket 17.

Dated: New York, New York
January __, 2020

SO ORDERED

/s/ Paul A. Crotty

PAUL A. CROTTY
United States District Judge