```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/7/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
 :
BERKLEY CUSTOM INSURANCE MANAGERS, :
 :
 Plaintiff, :
 : 18-cv-9297 (LJL)
 -v- :
 : ORDER
YORK RISK SERVICES GROUP, INC., :
 :
 Defendant. :
 :
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Plaintiff Berkley Custom Insurance Managers ("Berkley") moves to compel the production of documents by defendant York Services Group, Inc. ("York"). Berkley is a casualty insurance underwriting manager and surplus lines broker issuing insurance policies for several statutory insurance companies. York is a third-party administrator and provides claims and risk management services to the insurance industry and was Berkley's claims administrator pursuant to a Master Claims Administration Agreement entered into on or about April 12, 2013. Berkley asserts claims for breach of contract and negligence against York arising from York's alleged deficient and untimely investigation of three notices of claim served in the summer of 2015 relating to injuries suffered on construction projects. The claims were assigned to a York employee named Melissa Walker, who was supervised by another York employee named Joshua Fine. This Order addresses the four matters raised in Berkley's motion to compel production at Dkt. No. 34.

1. Berkley moves to compel responses to Document Requests 8 and 9. Request 8 seeks "All documents concerning Walker's employment, including, but not limited to any

performance reviews, evaluations, personnel file(s), training records, and history of discipline." Request 9 makes the same request for Fine. Berkley argues that the evidence is relevant because Count Two of the Complaint alleges professional negligence against York based on its handling of three insurance claims that were the responsibility of Walker who was supervised by Fine. It claims the prior training and performance information regarding these employees is relevant to the claim of negligence and that the time frame should be from when the two started their employment at York until the filing of this lawsuit in October 2018.

As framed, Requests 8 and 9 are overbroad and burdensome and not proportionate to the needs of the case. *See* Fed. R. Civ. P. 26(b). Count Two of the Complaint concerns events that took place in 2015 and 2016. Plaintiff has not made a showing of need for all documents concerning the employment of Walker or Fine or for documents much beyond that limited time frame. The Court DENIES Berkley's request EXCEPT insofar as it seeks performance reviews, evaluations and history of discipline for Walker and Fine for all or any part of the time period 2014-2016. Such documents shall be produced.

2. Berkley moves to compel responses to Request 17 which calls for "All communications with any errors and omissions liability insurance carrier(s), including both primary and excess carriers, Concerning this action, the defense of this action, and any coverage available to [York], under any errors and omissions liability insurance policy for any claims made against [York] by the Plaintiff in this action." Berkley claims it is seeking information on any coverage issues between York and its insurer, including whether

2

York is being defended under a reservation of rights and any coverage positions that might impact the availability of coverage, as well as how the insurer is treating York's retention obligations under the policy.  York responds that it will produce records of the two communications it has had with errors and omissions insurance carriers concerning coverage available to York for the claims in this case.  Berkley's motion, accordingly, is GRANTED with respect to communications with errors and omissions insurance carriers concerning coverage available to York for claims in this case.

3. Berkley moves to compel responses to Request 28, which requests "To the extent not produced in response to the preceding requests, produce all Documents relating to the Rizvani Action, the Restrepo Action, or the Singh Action."  Berkley notes that York has produced the three claims files for the claims at issue in this case but it seeks confirmation that York has produced other documents on York's electronic system including emails.  York responds that it has conducted a full search of its electronic and paper records and produced to Berkley all documents, both electronic and otherwise, both from inside and outside the claims files, that are responsive to Request 28.  Berkley's motion is DENIED.

4. Lastly, the parties raise an issue regarding the order of depositions.  Berkley asks this Court to order that it be permitted to depose York, Walker and Fine before York take any depositions of Berkley witnesses.  Berkley states that it served deposition notices for Walker and Fine in July 2019 and on June 19, 2020, emailed counsel for York expressing an interest in rescheduling these depositions as well as taking a Rule 30(b)(6) deposition

of York for July 2020.  York responds, without dispute, that Fine and Walker are former employees who must be subpoenaed for testimony under Rule 45 and that Berkley has not subpoenaed them.  Berkley also has not served a 30(b)(6) notice of deposition for York.  Meanwhile, York has served Berkley with a 30(b)(6) notice of deposition as well as depositions for two of Berkley's current employees and a non-party subpoena for the deposition of a non-party witness.  Both parties state that they will not take depositions until after the Court rules on York's intended motion to compel the production of documents being withheld on attorney-client privilege and attorney work product grounds.  The Court finds that this dispute is not ripe for resolution.  Walker and Fine have not been subpoenaed and they are not before the Court.  The Court also ORDERS that York and Berkley meet and confer regarding the timing of depositions if and when Walker and Fine are subpoenaed.

SO ORDERED.

Dated: August 7, 2020
New York, New York

                LEWIS J. LIMAN
              United States District Judge