# Robinson+Cole

RHONDA J. TOBIN
280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
rtobin@rc.com
Direct (860) 275-8327

Also admitted in New York

August 28, 2020

*Via ECF*

The Honorable Lewis J. Liman, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Chambers 701
New York, New York 10007

Re:  *Berkley Custom Insurance Managers v. York Risk Services Group, Inc.*
     Civil Action No.: 1:18-cv-09297-PAC

Dear Judge Liman:

We represent plaintiff Berkley Custom Insurance Managers ("Berkley") in the above-captioned action. Pursuant to Rules 1.B. and 2.G. of Your Honor's Individual Practices, Berkley respectfully moves that the Court seal the following documents filed by defendant York Risk Services Group, Inc.: ECF Nos. 40-1, 40-2, 40-3, 40-4, 40-5, 40-6, 40-7 (the "Exhibits"). Each of the Exhibits are protected by the attorney-client privilege and work produced protection, and should not have been disclosed by York.[1] Because the documents at issue have already been filed on the docket as referenced above, Berkley is not re-filing the documents as provided for by Rule 2.G.

This motion to seal arises in the context of York's effort to compel the production of certain documentation exchanged between Berkley and its coverage counsel at the law firm of Wade Clark Mulcahy LLP ("Wade Clark"). (*See* ECF No. 40) (the "Motion"). York's Motion is premised on the argument that Berkley waived, or put at issue, certain communication between it and Wade Clark (to which York was not a party). Berkley has opposed the Motion, noting that it has not put any of the communications at issue, nor has it selectively disclosed confidential communications to which York was not a recipient.

In an effort to support its Motion, York has filed, and therefore made publicly-available, certain privileged communications and documentation exchanged between Berkley, Wade Clark, and

---

[1]   ECF Nos. 40-1 through 40-4 consist of compilations of dozens of pages of email communications with Wade Clark, as well as Wade Clark's coverage opinions concerning the three underlying personal injury matters. ECF Nos. 40-5 through 40-7 consist of Wade Clark's billing records for the advice provided in connection with those matters.

Boston | Hartford | New York | Providence | Miami | Stamford | Los Angeles | Wilmington | Philadelphia | Albany | New London | **rc.com**

Robinson & Cole LLP

The Honorable Lewis J. Liman
August 28, 2020
Page 2

York.[2] As indicated by the Bates numbers of each of the Exhibits, Wade Clark produced this documentation to York in connection with York's third-party subpoena of Wade Clark. Despite the fact that each of the seven document collections were stamped "CONFIDENTIAL", York elected to publicly file the clearly protected documents. York did so without first informing Berkley or Wade Clark of its intentions, so Berkley was unable to file a motion to seal prior to the filings by York.

In the Second Circuit, upon a showing of compelling circumstances, the court may order certain records to be sealed. *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982). The district court enjoys considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed in federal courts. *Geller v. Branic Int'l. Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). A party may overcome the presumption against sealing documents in civil cases by demonstrating that sealing will further other substantial interests such as the preservation of attorney-client privilege. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 125 (2d Cir. 2006); *Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 3:11-CV-1209 CSH, 2013 WL 4012772, at *5 (D. Conn. Aug. 5, 2013) ("With respect to the attorney-client privilege, it is well-settled within the Second Circuit that the attorney-client privilege may be a sufficiently compelling reason to defeat the public's right of access to judicial documents.").

Here, York's public disclosure of plainly protected documents and communications concerning legal advice provided to Berkley constitutes sufficiently compelling circumstances to warrant the sealing of the Exhibits. Should the Exhibits not be sealed, Berkley faces substantial prejudice. Berkley's coverage positions in the underlying personal injury actions that have given rise to this dispute are still being challenged by NYCHA. No party, particularly a party challenging Berkley's coverage positions, is entitled to review whatever legal advice Berkley may have received leading up to Berkley taking a coverage position. If the Exhibits remain publicly available, NYCHA and other entities will be able to do just that.

York will not be prejudiced by this sealing, as the documents in question have been disclosed to York pursuant to a Protective Order and can still be used in this litigation by either party.

Thank you for your consideration of this request.

---

[2] As discussed in greater detail in Berkley's Opposition to York's Motion, while these documents were not privileged as to York, as they were shared with York when York was acting as Berkley's agent administering the underlying claims, they remain privileged as to other parties, including NYCHA.

The Honorable Lewis J. Liman
August 28, 2020
Page 3

Respectfully submitted,
*/s/*
Rhonda J. Tobin
J. Tyler Butts

cc:   Andrew S. Kowlowitz, Esq. and Shari Sckolnick, Esq. (*via ECF*)
      *Counsel for Defendant York Risk Services Group, Inc.*

MEMORADNUM ENDORSED. The Clerk of Court is respectfully directed to seal the exhibits listed in the first paragraph of this letter, and to permit viewing only by the parties, namely Berkley Custom Insurance Managers and York Risk Services Group, Inc., and by the Court. SO ORDERED.

9/1/2020

SO ORDERED.

_____
LEWIS J. LIMAN
United States District Judge