# Robinson+Cole

RHONDA J. TOBIN
280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
rtobin@rc.com
Direct (860) 275-8327

Also admitted in New York

September 10, 2020

*Via ECF*

The Honorable Lewis J. Liman, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Chambers 701
New York, New York 10007

Re:  *Berkley Custom Insurance Managers v. York Risk Services Group, Inc.*
     Civil Action No.: 1:18-cv-09297-PAC

Dear Judge Liman:

We represent plaintiff Berkley Custom Insurance Managers ("Berkley") in the above-captioned action. Pursuant to Rules 1.B. and 2.G. of Your Honor's Individual Practices, Berkley respectfully moves that the Court seal the reply letter (ECF No. 48) (the "Reply") filed by the defendant York Risk Service Group, Inc. and direct York to re-file its reply in a manner that redacts the information protected by the attorney-client privilege and work product production contained within footnote one of the Reply.

As this Court is aware, on August 28, 2020, Berkley requested that the Court seal documents that York filed in connection with its motion to compel documentation exchanged between Berkley and its coverage counsel. (ECF No. 42). Specifically, Berkley requested that the Court seal ECF Nos. 40-1, 40-2, 40-3, 40-4, 40-5, 40-6, 40-7 (the "Exhibits") on the grounds that each of the Exhibits were protected by the attorney-client privilege and work produced protection and had been produced with Confidential notations on them, and should not have been disclosed by York. The Court granted Berkley's request. (ECF No. 45).

Now, despite being on notice that it had already publicly filed privileged and confidential documents that necessitated a seal, today York filed a Reply in support of its motion to compel that cites to, quotes from, and describes the content of documents that have already been sealed. Specifically, footnote 1 of the Reply discusses privileged legal advice that Berkley was provided and that was included in now-sealed Exhibits A (ECF No. 40-1), B (ECF Nos. 40-2 & 40-3), and C (ECF No. 40-4). As it did the first time, York made this filing without first informing Berkley of its intentions, so Berkley was unable to file a motion to seal prior to the filing by York.

The Honorable Lewis J. Liman
September 10, 2020
Page 2

As set forth in Berkley's prior Motion to Seal, in the Second Circuit, upon a showing of compelling circumstances, the court may order certain records to be sealed. *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982). The district court enjoys considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed in federal courts. *Geller v. Branic Int'l. Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). A party may overcome the presumption against sealing documents in civil cases by demonstrating that sealing will further other substantial interests such as the preservation of attorney-client privilege. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 125 (2d Cir. 2006); *Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 3:11-CV-1209 CSH, 2013 WL 4012772, at *5 (D. Conn. Aug. 5, 2013) ("With respect to the attorney-client privilege, it is well-settled within the Second Circuit that the attorney-client privilege may be a sufficiently compelling reason to defeat the public's right of access to judicial documents.").

Here, York's public discussion and summary of plainly protected legal advice provided to Berkley constitutes sufficiently compelling circumstances to warrant the sealing of the Reply. In the alternative, Berkley respectfully requests York's current Reply be sealed and that York be compelled to re-file its Reply with footnote 1 redacted. Should the material contained within footnote 1 not be protected, Berkley faces substantial prejudice. Berkley's coverage positions in the underlying personal injury actions that have given rise to this dispute are still being challenged by NYCHA. No party, particularly a party challenging Berkley's coverage positions, is entitled to review whatever legal advice Berkley may have received leading up to Berkley taking a coverage position. If the content of footnote 1 remains publicly available, NYCHA and other entities will be able to do just that.

York will not be prejudiced by this sealing, *first*, because the information in question has been disclosed to York pursuant to a Protective Order and can still be used in this litigation by either party, and *second*, because the Court has already denied York's Motion to Compel (ECF No. 49).

Thank you for your consideration of this request.

MEMORANDUM ENDORSED. The Clerk of Court is respectfully directed to seal Dkt. No. 48, viewable only by the Court and to all parties to the case. Defendant is ordered to re-file the letter at Dkt. No. 48 with redactions as described above. SO ORDERED.

Respectfully submitted,
*/s/*
Rhonda J. Tobin
J. Tyler Butts

9/16/2020

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

cc:    Andrew S. Kowlowitz, Esq. and Shari Sckolnick, Esq. (*via ECF*)
       *Counsel for Defendant York Risk Services Group, Inc.*