**Robinson+Cole**

RHONDA J. TOBIN
280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
rtobin@rc.com
Direct (860) 275-8327

Also admitted in New York

October 5, 2020

*Via ECF*

The Honorable Lewis J. Liman, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Chambers 701
New York, New York 10007

Re:  *Berkley Custom Insurance Managers v. York Risk Services Group, Inc.*
      **Civil Action No.: 1:18-cv-09297-PAC**

Dear Judge Liman:

We represent plaintiff Berkley Custom Insurance Managers ("Berkley") in the above-captioned action. Pursuant to Rules 1.B. and 2.G. of Your Honor's Individual Practices, Berkley respectfully moves that the Court seal ECF Nos. 54-2 and 54-3 (the "Invoices"), which constitute Exhibit A to the Declaration of Attorney Andrew Kowlowitz in Opposition to Berkley's Motion to Disqualify (ECF No. 54-1) filed by the defendant York Risk Service Group, Inc. ("York"). This is the third time in less than six weeks that Berkley has been forced to move the Court to seal portions of York's filings protected by the attorney-client privilege and work product protection, and the second time that Berkley has moved to seal *these same documents*. Despite plainly being on notice that the Invoices should not be made publicly-available, York has once again flaunted Berkley's concerns and Berkley's attorney-client privilege by filing the Invoices with the Court and without protection from public disclosure.

As this Court is aware, on August 28, 2020, Berkley requested that the Court seal documents that York filed in connection with its motion to compel documentation exchanged between Berkley and its coverage counsel at Wade Clark Mulcahy LLP ("Wade Clark")(ECF No. 42). Specifically, Berkley requested that the Court seal ECF Nos. 40-1, 40-2, 40-3, 40-4, 40-5, 40-6, 40-7 (the "Exhibits") on the grounds that each of the Exhibits were protected by the attorney-client privilege and work product protection, had been produced with Confidential notations on them and should not have been disclosed by York. ECF No. 40-5, 40-6, and 40-7 consisted of legal invoices from Wade Clark to Berkley in the *Rizvani*, *Restrepo*, and *Singh* matters. Those three Exhibits are the same Invoices that Berkley now moves to seal (again). York did not respond to Berkley's first motion to seal, and the Court granted Berkley's request. (ECF No. 45).

Boston | Hartford | New York | Providence | Miami | Stamford | Los Angeles | Wilmington | Philadelphia | Albany | New London | **rc.com**

Robinson & Cole LLP

The Honorable Lewis J. Liman
October 5, 2020
Page 2

On September 10, 2020, Berkley again requested that the Court seal a document filed by York. (ECF No. 50). Specifically, York's Reply in support of its Motion to Compel (ECF No. 48) (the "Reply") cited to, quoted from, and described the content of documents that had already been sealed. As Berkley noted in its filing, footnote 1 of the Reply discussed privileged legal advice that Berkley was provided and that was included in exhibits that were, at that time, sealed. York again did not respond to Berkley's motion to seal, and the Court again granted Berkley's request. (ECF No. 53).[1]

Now, York has once again intentionally filed confidential material that has already been the subject of a previous motion to seal.[2] As it did the prior two times, York made its filing without first informing Berkley of its intentions. Berkley was therefore unable to file a motion to seal the Invoices prior to the filing by York. As set forth in Berkley's prior Motions to Seal, in the Second Circuit, upon a showing of compelling circumstances, the court may order certain records to be sealed. *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982). The district court enjoys considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed in federal courts. *Geller v. Branic Int'l. Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). A party may overcome the presumption against sealing documents in civil cases by demonstrating that sealing will further other substantial interests such as the preservation of attorney-client privilege. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 125 (2d Cir. 2006); *Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 3:11-CV-1209 CSH, 2013 WL 4012772, at *5 (D. Conn. Aug. 5, 2013) ("With respect to the attorney-client privilege, it is well-settled within the Second Circuit that the attorney-client privilege may be a sufficiently compelling reason to defeat the public's right of access to judicial documents.").

Here, York's filing of plainly protected documents concerning legal advice provided to Berkley constitutes sufficiently compelling circumstances to warrant the sealing of the Invoices. Should the Invoices not be sealed, Berkley faces substantial prejudice. Berkley's coverage positions in the underlying personal injury actions that have given rise to this dispute are still being challenged by NYCHA. No party, particularly a party challenging Berkley's coverage positions, is entitled to review billing in connection with legal advice Berkley may have received leading up to Berkley taking a coverage position. If the Invoices remain publicly available, NYCHA and other entities will be able to do just that.

With the Invoices having been sealed once already, York will not be prejudiced by this sealing. Berkley further requests that the Court order York to refrain from making any further public filings containing or referencing legal advice provided to Berkley by Wade Clark.

---

[1] In its September 16, 2020 Order granting Berkley's second motion to seal, the Court directed York to re-file its letter with appropriate redactions. York has failed to do so.

[2] York offers the more than eighty pages of legal invoices in support of a single factual contention: the number of hours Attorney Gauvin worked on the underlying matters. (ECF No. 54, pg. 2).

The Honorable Lewis J. Liman
October 5, 2020
Page 3

Thank you for your consideration of this request.

Respectfully submitted,
/s/
Rhonda J. Tobin
J. Tyler Butts

cc: Andrew S. Kowlowitz, Esq. and Shari Sckolnick, Esq. (*via ECF*)
*Counsel for Defendant York Risk Services Group, Inc.*

Motion GRANTED. The Clerk of Court is respectfully directed to seal Dkt. Nos. 54-2 and 54-3, viewable only to the parties and the Court.

IT IS FURTHER ORDERED that, henceforth, York shall inform Berkeley two days before it files any documents that reference the fact or the content of any consultation of Berkeley with counsel and, upon Berkley's request, shall file such documents under seal, with Berkeley to file a letter supporting the filing under seal within 24 hours. York may file a responsive pleading for the unsealing of such documents within 72 hours. SO ORDERED.

10/6/2020

LEWIS J. LIMAN
United States District Judge