```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/01/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
 :
BERKLEY CUSTOM INSURANCE MANAGERS, :
 :
 Plaintiff, :
 : 18-cv-9297 (LJL)
 -v- :
 : MEMORANDUM AND
YORK RISK SERVICES GROUP, INC., : ORDER
 :
 Defendant. :
 :
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

    Defendant York Risk Services Group, Inc. ("Defendant") moves for summary judgment, or alternatively for partial summary judgment, pursuant to Federal Rule of Civil Procedure 56. Dkt. No. 81. The case is scheduled for a trial to the bench on November 2, 2021. The motion is denied.

    Defendant's motion turns in large part on the assumption that New York Insurance Law Section 3420 was not applicable to the insurance policies at issue at the time Defendant conducted its coverage investigation and issued its disclaimers in March 2016. Dkt. No. 81 at 2, 20-25. As a consequence, Defendant argues that it did not violate any duties owed to plaintiff Berkley Custom Insurance Managers ("Plaintiff") and that its violation of duty (either in contract or in tort) could not have been the cause of any damages suffered or to be suffered by Plaintiff.

    Even if Section 3420 applied, Defendant argues that it is entitled to partial summary judgment on Plaintiff's claims with respect to Plaintiff's excess policies because the disclaimers were timely. *Id.* at 2, 25-31. But even if the disclaimers were untimely and resulted in waiver, Defendant argues it is entitled to partial summary judgment because it was following Plaintiff's

direction in its conduct from late 2016 in not submitting a disclaimer letter and was required to follow this direction under its agreement with Plaintiff.  *Id.* at 2-3, 25-26, 31-34.

Defendant's motion turns in large part on the decision of the New York State Supreme Court, Appellate Division, Fourth Department in *Carlson v. American International Group, Inc.*, 16 N.Y.S.3d 637 (4th Dep't 2015), which held that Section 3420 did not apply to a policy that was issued by the insurer outside of New York State and was delivered to the insured outside of New York State.  The Fourth Department's decision in *Carlson* was issued in July 2015, *id.*, and leave to appeal was granted on February 18, 2016, *Carlson v. Am. Int'l Grp., Inc.*, 47 N.E.3d 93 (N.Y. 2016).  On November 20, 2017, the New York Court of Appeals reversed the decision of the Appellate Division with respect to Section 3420.  *Carlson v. Am. Int'l Grp., Inc.*, 89 N.E.3d 490 (N.Y. 2017).  The claims at issue were tendered in October 2015—after the Fourth Department's decision but before the decision of the New York Court of Appeals.  Dkt. No. 81-2 ¶¶ 42, 84, 116.  Disclaimer letters were sent in early to mid-March 2016—after leave to appeal was granted but before the New York Court of Appeals' decision.  *Id.* ¶¶ 59, 91, 127.

Defendant admits that the Fourth Department's decision, even at the time, was not the definitive interpretation of New York law.  *See* Dkt. No. 97 at 4 (citing *Solomon v. Artuz*, 2000 U.S. Dist. LEXIS 8837, at * 20 (S.D.N.Y. June 29, 2000), for proposition that "Appellate Division decision interpreting New York law is instructive as to what the New York Court of Appeals would hold").  In its November 2017 decision in *Carlson*, the New York Court of Appeals described the coverage of Section 3420 as having been resolved in its 2008 decision in *Preserver Insurance Company v. Ryba*, 893 N.E.2d 97 (N.Y. 2008), and characterized its decision as "reiterat[ing] that section 3420 applies to policies that cover insured and risks located in the state."  89 N.E.3d at 500.  The court specifically rejected the argument that its decision

was a "sharp change" in the law and held that it was "consistent with *Preserver* and the legislative history of section 3420 and the 2008 amendments." *Id.* at 502.  It thus concluded, consistent with *Preserver*, "that section 3420(a) encompasses situations where both insureds and risks are located in the state." *Id.* at 503.

The Master Claims Administration Agreement between the parties required Defendant to "receive and administer all Claims in accordance with the terms and conditions of the Policies, this Agreement, and every *applicable code, statute, law, rule, or regulation*," Dkt. No. 84-6, Ex. D, ¶ 3.2 (emphasis added), and to "perform Claim Services in accordance with [York's] established written standards, guidelines, instructions, policies, procedures, or limitations approved by [Berkley] and subject to change by the parties from time to time without the need to amend this Agreement," *id.* ¶ 3.3.

Issues for trial as to which there is a genuine dispute include:

1. The appropriate interpretation of the language of the Master Claims Administration Agreement including the reference to "applicable" statute and law and whether Defendant violated its duties, including under contract;

2. Whether, based on the law at any relevant time and as that term would be understood in the contract, New York Insurance Law Section 3420 applied to the policies at issue, including whether AAA was located in New York and whether the risk that was being insured was in New York; and

3. Whether it was reasonable, and consistent with Defendant's obligations under law and under contract, for it to rely on the Fourth Department's decision; and

4. Whether Defendant violated its duties under the contract and the law of negligence and whether any violation of those duties was the cause of Plaintiff's loss and its damages.

The motion for partial summary judgment as to the excess policies is also denied, but as to the claim with respect to the excess policies, the Court will treat certain facts as not genuinely in dispute pursuant to Federal Rule of Civil Procedure 56(g).  Defendant argues that it satisfied all of its contractual and legal obligations from the period of late 2016 forward.  Plaintiff does not dispute that claim but seeks a declaratory judgment that if the state court determines that Plaintiff has waived its exclusion for being untimely, and should Plaintiff be required to defend and indemnify the insured, its damages "will be solely attributable to [Defendant's] actions from October 2015 to March 2016."  Dkt. No. 91 at 21.  The Court will treat any allegations Plaintiff has with respect to whether Defendant complied with the applicable standard of conduct under the contract and under the law of tort as abandoned.  Accordingly, Plaintiff's claim will be limited to the allegation that Defendant's conduct from October 2015 to March 2016 violated its duties under the contract and tort law and that such conduct caused Plaintiff damages and entitles Plaintiff to a declaratory judgment.  That issue and whether the request for declaratory relief is appropriate or unduly speculative, Dkt. No. 97 at 14, will be among the issues for trial.

## CONCLUSION

The motion for summary judgment is DENIED.

The Clerk of Court is respectfully directed to close Dkt. No. 81.

SO ORDERED.

Dated: October 1, 2021
New York, New York

_____
LEWIS J. LIMAN
United States District Judge