```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
BERKLEY CUSTOM INSURANCE MANAGERS,                               :
                                                                 :
                                Plaintiff,                       :
                                                                 :            18-cv-9297 (LJL)
                -v-                                              :
                                                                 :            MEMORANDUM AND
YORK RISK SERVICES GROUP, INC.,                                  :                 ORDER
                                                                 :
                                Defendant.                       :
                                                                 :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Plaintiff Berkley Custom Insurance Managers ("Plaintiff" or "Berkley") moves to present two of its witnesses remotely by videoconference at the bench trial scheduled for November 2, 2021. Dkt. No. 99. The two witnesses are Berkley's Vice President of Claims Ronald Ronzello and its disclosed claims handling expert Timothy Yessman. Pursuant to the Court's order of June 15, 2021, the two witnesses will present their direct testimony by declaration. Dkt. No. 78. Plaintiff claims that Ronzello lives in Covington, Louisiana and is currently the sole caretaker for his wife, who is wheelchair-bound with a broken leg in a cast and requires Ronzello's assistance with many basic day-to-day tasks. Dkt. No. 99 at 1. Permitting him to testify remotely would allow him "to continue to care for his wife without the necessity of leaving her for several days and trying to find alternate care." *Id.* Regarding Yessman, counsel claims "Yessman is currently obligated to be in Switzerland for the weeks of November 1st and November 8th to testify in a multi-party arbitration, and his testimony cannot be rescheduled." *Id.* The motion is opposed. Dkt. No. 100.

Authority to permit remote testimony is conferred by Federal Rule of Civil Procedure 43(a). That rule provides: "For good cause in compelling circumstances and with appropriate

safeguards, the court *may* permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a) (emphasis added). Testimony in person in open court is the default and general rule. The Advisory Committee Notes to the 1996 amendment that deleted the requirement that testimony be given orally and that permitted testimony by contemporaneous transmission from a different location stresses the "importance of presenting live testimony in court." Fed. R. Civ. P. 43(a) advisory committee's notes to 1996 amendment. It states: "The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place." *Id.* Courts, for example, have permitted remote testimony when witnesses who are at higher risk have been unable to travel and to appear personally in court due to the COVID-19 pandemic. *See Novello v. Progressive Express Ins. Co.*, 2021 WL 1597937, at *1 (M.D. Fla. Apr. 23, 2021); *Legacy Church, Inc. v. Kunkel*, 472 F. Supp. 3d 926, 1022 (D.N.M. 2020);

      Plaintiff has not presented good cause or compelling circumstances for either witness to testify remotely. As to Ronzello, Plaintiff's explanation appears to be convenience. Plaintiff does not dispute that alternative care can be obtained for Ronzello's wife during the few days trial is expected to last (and the even shorter period of time he is expected to testify). As to Yessman, Plaintiff offers no real reason whatsoever. Plaintiff states that he would be unavailable to testify at trial, but the trial date was set at the conference on June 15, 2021. Dkt. No. 78. If a critical witness were unavailable to testify, the time to raise that would have been when the Court scheduled trial or shortly thereafter and not on the eve of trial. Defendant emphasizes correctly the value of in-court testimony in judging credibility and persuasiveness. The Court determined that direct testimony could be by declaration precisely because it would have the opportunity to

judge demeanor when the witnesses appear in Court.  There is also the element of unfairness. Defendant has made arrangements for its witnesses to appear in Court at inconvenience to them; it would be unfair to permit Plaintiff to present its witnesses remotely (particularly over objection) because of inconvenience to those witnesses.

    The motion is DENIED.

    SO ORDERED.

Dated: October 8, 2021  
      New York, New York

                                                  LEWIS J. LIMAN  
                                      United States District Judge